UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL SPARKS,<br><br>            Petitioner,<br><br>v.<br><br>RANDY BLADES, Warden,<br><br>           Respondent. | Case No. 1:15-cv-00036-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Michael Sparks's Petition for Writ of Habeas Corpus, challenging his Bannock County conviction of second-degree murder. (Dkt. 3.) Respondent has filed an answer and brief in support of dismissal (Dkt. 11); Petitioner did not file a reply. The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on August 4, 2015. (Dkt. 10.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record in this matter, including the state court record, the Court concludes that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying habeas corpus relief.

## BACKGROUND

In May 2011, Petitioner killed his wife by beating her with a baseball bat and a rifle. (State's Lodging A-2 at 26-28.) Pursuant to a binding plea agreement, Petitioner pleaded guilty in the Sixth Judicial District Court in Bannock County, Idaho, to second-

**MEMORANDUM DECISION AND ORDER - 1**

degree murder. (State's Lodging D-4 at 1.) In Idaho, second-degree murder carries a minimum sentence of 10 years and a maximum sentence of life imprisonment. Idaho Code § 18-4004. Petitioner's plea agreement provided for a fixed term of 20 years in prison, "with the indeterminate term open for argument." (State's Lodging D-4 at 1.) The trial court accepted the plea and sentenced Petitioner to a unified term of life imprisonment with 20 years fixed.

Petitioner filed a direct appeal, contending that the indeterminate portion of his sentence was excessive. (State's Lodging B-1.) Petitioner also filed an unsuccessful motion for reduction of sentence pursuant to Idaho Criminal Rule 35. (State's Lodging C-1 at 17-18, 21.) The Idaho Court of Appeals affirmed Petitioner's sentence, and the Idaho Supreme Court denied review. (State's Lodging B-4 & B-6.)

Petitioner, proceeding pro se, then filed a second Rule 35 motion in the state district court, contending that his sentence was illegal because the trial court was required to set the fixed portion of his sentence at the statutory minimum of 10 years in prison. (State's Lodging C-1 at 24-30.) The motion was denied. (*Id.* at 31-34.) The Idaho Court of Appeals affirmed the denial of the Rule 35 motion, and the Idaho Supreme Court denied review. (State's Lodging D-4 & D-7.)

In his federal Petition, Petitioner asserts the following claims: (1) that his sentence violates due process because it is not authorized under state law; and (2) that the trial court violated Petitioner's due process rights by "failing to follow its own laws by increasing petitioners [sic] punishment in access [sic] of what is allowable" under the second-degree murder statute. (Dkt. 3 at 5-6.) These claims, though listed separately in

**MEMORANDUM DECISION AND ORDER - 2**

the Petition, are essentially the same claim: that because Idaho Code § 18-4004 requires a 10-year mandatory minimum sentence, the only sentence that the trial court had the authority to impose, as a fixed term, was 10 years. In essence, Petitioner claims that the statutory *minimum* is also the statutory *maximum* for purposes of the fixed portion of his sentence for second-degree murder.

## HABEAS CORPUS STANDARD OF LAW

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances where the state court's adjudication of the petitioner's claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Although a federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991), a state court need not "give reasons before its decision can be deemed to have been 'adjudicated on the merits'" under § 2254(d). *Harrington v. Richter*, 562 U.S. 86, 100 (2011).

**MEMORANDUM DECISION AND ORDER - 3**

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If there is any possibility that fair-minded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 102

**MEMORANDUM DECISION AND ORDER - 4**

(2011). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (internal citation omitted). To be entitled to habeas relief under § 2254(d)(1), "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks omitted).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

When a petitioner contests the reasonableness of the state court's factual determinations, the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

This strict deferential standard of § 2254(d) applies to habeas claims except in the following narrow circumstances: (1) where the state appellate court did not decide a

**MEMORANDUM DECISION AND ORDER - 5**

properly-asserted federal claim; (2) where the state court's factual findings are unreasonable under § 2254(d)(2); or (3) where an adequate excuse for the procedural default of a claim exists. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In those circumstances, the federal district court reviews the claim de novo. In such a case, as in the pre-AEDPA era, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

## DISCUSSION

Petitioner claims that his right to due process was violated when he was sentenced to a fixed term of imprisonment that exceeded the statutory minimum of 10 years.

**1.   Clearly-Established Law**

The Fourteenth Amendment provides that the states may not deprive any person of life, liberty, or property without due process of law. U.S. Const., amend. XIV. "Liberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466 (1983), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Petitioner's habeas claims are, at bottom, a contention that Idaho's second-degree murder statute creates a liberty interest in a sentence of which the fixed portion is 10 years in prison. A state statute creates a liberty interest only in limited circumstances. First, the statute must contain "substantive predicates" to govern the official's decision—here, the trial judge's decision regarding Petitioner's sentence. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989). Second, the statute must include "explicitly

**MEMORANDUM DECISION AND ORDER - 6**

mandatory language, *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id.*

## 2. State Court Decision

The Idaho Court of Appeals rejected Petitioner's claim that the 20-year fixed portion of his sentence was in excess of the sentence authorized by the second-degree murder statute. The court cited the following provisions of the Idaho Code:

> Idaho Code Section 18-107 provides:
>
>> Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence *within such limits as may be prescribed by this code*.
>
> Idaho Code Section 19-2513 provides in part:
>
>> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, *provided that the aggregate sentence shall not exceed the maximum provided by law*. . . .
>
> The sentence authorized for second degree murder is set forth in [Idaho Code] § 18-4004 as "imprisonment *not less than ten (10) years and the imprisonment may extend to life*."

(State's Lodging D-4 at 2 (emphasis added).)

The state court of appeals held that Idaho Code § 18-107 "gives the trial court authority to impose a sentence anywhere within th[e] limits" of § 18-4004, that is, a sentence anywhere between 10 years and life in prison. (*Id.*) Therefore, the court held

**MEMORANDUM DECISION AND ORDER - 7**

that Petitioner's sentence "is within the limits set by . . . § 18-4004 and is not illegal." (*Id.*)

### 3. Petitioner Is Not Entitled to Habeas Relief

The decision of the Idaho Court of Appeals was not contrary to, or an unreasonable application of, clearly-established Supreme Court precedent, nor was it based on an unreasonable factual finding. *See* 28 U.S.C. § 2254(d). Further, Petitioner's claims would fail even under de novo review.

Idaho Code § 19-2513 clearly requires a trial judge to "specify a minimum period of confinement" and allows the judge to also impose a "subsequent indeterminate period of custody." Pursuant to Idaho Code § 18-107, a person convicted of a crime has a due process right to be sentenced to a minimum period of confinement "within such limits as may be prescribed" by the particular statute at issue, and the second-degree murder statute applicable here clearly delineates 10 years as the *minimum* period of confinement. Because that statute also authorizes a *maximum* sentence of life imprisonment, Petitioner had a due process right to be sentenced anywhere between 10 years and life imprisonment. This right was plainly satisfied by the trial court's imposition of a fixed 20-year term followed by an indeterminate life term. Therefore, Petitioner is not entitled to relief on his habeas claims.

## CONCLUSION

For the foregoing reasons, the Petition will be denied.

## ORDER

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED, and this entire action is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **March 24, 2016**

B. Lynn Winmill
Chief Judge
United States District Court